## RADFORD v. FOLSOM.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF IOWA.

No. 1014. Submitted November 5, 1888. — Decided November 26, 1888.

The final decree in a suit in equity, entered October 10, 1885, adjudged and decreed that there was due to the administratrix of J. F. a sum named in the decree, and that if, within ninety days from that date the court should be satisfied that a certain other sum named as paid for the purchase of notes, etc., had inured to the benefit of J. F. or his estate, that sum should be credited on the amount so decreed to be paid; *Held*, that for the purpose of an appeal the date of the decree was October 10, 1885.

This was a motion made by the administratrix of Jeremiah Folsom, deceased, to dismiss an appeal. The reasons for the dismissal, given in the motion were:

"That the decree appealed from was made and entered of record in the Circuit Court of the United States for the Southern District of Iowa, Western Division, on the 10th day of October, 1885;

"That the appeal in the above entitled cause was not taken until the 30th day of December, 1887, more than two years after the entry of the decree, as aforesaid."

*Mr. H. H. Trimble* and *Mr. Joseph G. Anderson* for the motion, submitted on their brief.

This motion is based on § 1008 of the Revised Statutes, providing that no decree of a Circuit Court, in equity, shall be reviewed in the Supreme Court on appeal unless the appeal is taken within two years *after the entry of such decree.* That the appeal in this case was taken more than two years after the entry of the decree is plain. The decree was entered

October 10, 1885. The appeal was not taken until December 30, 1887. This is clearly not within two years.

*Mr. Walter H. Smith* (with whom was *Mr. M. F. Sapp*) opposing.

The essential part of the decree was as follows:

"The court doth further adjudge and decree that there is due from the plaintiff to the defendant, Agnes Folsom, as administratrix of the estate and effects of Jeremiah Folsom, deceased, the sum of fourteen thousand six hundred and forty-five dollars and thirty-two cents, with interest thereon from the twentieth day of December, A.D. 1884, at the rate of six per cent per annum, being the amount of rents received by the receiver in the cause in the state court mentioned in the said report with interest less taxes, and the court doth adjudge and decree that the complainant, George W. Radford, as assignee in bankruptcy of the estate and effects of Simeon Folsom and Frank Folsom, bankrupts, pay to the defendant, Agnes Folsom, as administratrix of the estate and effects of Jeremiah Folsom, deceased, the said sum of fourteen thousand six hundred and forty-five dollars and thirty-two cents ($14,645.32) with interest thereon at six per cent per annum, from the twentieth day of December, A.D. 1884, and that execution issue therefor."

\* \* \* \* \*

"And it is further ordered, adjudged and decreed, that if the complainant shall satisfy the court, within ninety days from this date," (that date being October 10, 1885,) "that the amounts paid by Simeon Folsom for the purchase of the incumbrances and notes specified in the master's report, and particularly in Schedules No. 1 and 2 thereto, amounting, in the aggregate, to fourteen thousand and eighty-four dollars and seventy-seven cents, ($14,084.77,) or any part thereof, have enured to the benefit of Jeremiah Folsom or his estate, by the production and cancellation or discharge of said incumbrances and notes, in such manner as to terminate all liability thereon, then, and in such case, there shall be credited on the amount

hereinbefore ordered to be paid by the complainant the amount of such incumbrances and notes so produced and cancelled or discharged."

Then follows a decree involving title to sundry tracts of land in Iowa, covering six pages of the record in descriptions.

This decree must be construed as an entirety. Taken as a whole, it shows that it was not to go into effect until the period of ninety days had expired from the time of its rendition. It first provides that the sum of $14,645.32 shall be paid by the complainant to the administratrix of Jeremiah Folsom, deceased, and that execution shall issue therefor. It then proceeds to provide that the complainant shall have ninety days from the date of the decree in which to satisfy the court that the sum of $14,084.77, or any part thereof, had been applied by Simeon Folsom for the purchase of certain incumbrances and notes therein specified, and had inured to the benefit of the said Jeremiah Folsom, or his estate, then such amount "*shall be credited on the amount hereinbefore ordered to be paid by the complainant.*"

That amount was the $14,645.32 above stated. It is manifest that this could not be done if the decree took effect from its date, for its payment might have been coerced by the issuing of an execution, before the expiration of the ninety days.

PER CURIAM: This case is dismissed for want of jurisdiction.